8/12/2015 2:28:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6466061
By: Sarah Anderson
Filed: 8/12/2015 2:28:29 PM

## 2015-47068 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| ANGELICA GARCIA INDIVIDUALLY AND AS NEXT OF FRIEND OF ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| GLOBAL X-RAY & TESTING CORPORATION AND BRENT THERIOT, JR. | § § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Come ANGELICA GARCIA INDIVIDUALLY AND AS NEXT OF FRIEND OF

▮▮▮▮▮▮▮ AND ▮▮▮▮▮▮▮▮▮, hereinafter called "Plaintiffs", complaining of

Defendants GLOBAL X-RAY & TESTING CORPORATION, hereinafter called "Defendant

Global X-Ray & Testing Corporation", and BRENT THERIOT, JR., hereinafter called "Defendant

Brent Theriot, Jr.", and for cause of action Plaintiffs would respectfully show unto the Court the

following:

#### I.
#### DISCOVERY CONTROL PLAN

1.      Discovery is intended to be conducted under Level 2.

#### II.
#### PARTIES

2.      Plaintiffs are individuals residing in HARRIS County, Texas.

3.      Defendant Global X-Ray & Testing Corporation is a company doing business in

---

EXHIBIT A

the State of Texas and may be served with process by the clerk of the court by certified mail return receipt by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Brent Theriot, Jr. is an individual residing in TERREBONNE PARISH County, Texas and may be served with process by the clerk of the court by certified mail return receipt by serving him at his last known residence address: 236 Mandalay West, Houma, Louisiana 77360.

## III.
## MISNOMER/ALTER EGO

5.      In the event any parties are misnamed or are not included herein, it is Plaintiff's' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## VENUE

6.      Venue of this lawsuit is proper in Houston, Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1) et. al. in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Harris County, Texas.

EXHIBIT A

## V.
## NOTICE PURSUANT TO TRCP 47

7.      Plaintiff hereby gives notice to all parties that Plaintiff seeks monetary relief over $1,000,000.

## VI.
## FACTS

8.      On or about January 28, 2015, Plaintiff was traveling on Almeda Genoa in a 2011 Chevrolet Silverado when suddenly and without warning a 2010 Ford F-150 owned by Defendant Global X-Ray & Testing Corporation and operated by Defendant Brent Theriot, Jr. failed to control his speed, ran a red light and struck the Plaintiffs, proximately causing the injuries and damages more specifically described herein.

## VII.
## RESPONDEAT SUPERIOR

9.      On the occasion in question, Defendant Brent Theriot, Jr. was at all times acting within the course and scope of his employment and/or agency with Defendant Global X-Ray & Testing Corporation.   Defendant Global X-Ray & Testing Corporation gave Defendant Brent Theriot, Jr. permission to operate the vehicle in question.   Accordingly, Defendant Global X-Ray & Testing Corporation is liable for the negligence of its agent, servant, and/or employee.   Said negligence was the proximate cause of the injuries and damages sustained by Plaintiffs herein.

EXHIBIT A

## VIII.
## NEGLIGENCE

10.     On the occasion in question, the collision was proximately caused by the negligence of Defendant Brent Theriot, Jr. while acting within the course and scope of his agency and/or employment with Defendant Global X-Ray & Testing Corporation in one or more of the following particulars:

1.     In failing to timely and properly apply his brakes, as would have been done by reasonable person exercising ordinary prudence under the same or similar circumstances;

2.     In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

3.     In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

4.     In failing to obey a traffic light, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

5.     In failing to stop at the red light to avoid the collision in question, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

6.     In failing to obey a traffic-control device as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Tex. Trans. Code § 545.151 (Vernon's 1997), which constitutes negligence per se; and

7.     In operating the vehicle at a speed greater than is reasonable and prudent under the circumstances then existing, in violation of Tex. Trans. Code § 545.351 (Vernon's 1997), which constitutes negligence per se.

11.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiffs' injuries and damages pled herein.

EXHIBIT A

## IX.
## NEGLIGENT ENTRUSTMENT

12.     At the time of the collision in question, the vehicle being driven by Defendant Brent

Theriot, Jr. was owned, controlled, and/or leased by Defendant Global X-Ray & Testing

Corporation.   On the occasion in question, Defendant Global X-ray & Testing Corporation

entrusted its vehicle to Defendant Brent Theriot, Jr.   At the time said vehicle was entrusted,

Defendant Brent Theriot, Jr. was an incompetent, reckless, and/or unlicensed driver and was unfit

to operate a motor vehicle on public streets and highways.   Defendant Global X-Ray & Testing

Corporation knew or in the exercise of ordinary care should have known that Defendant Brent

Theriot, Jr. was an incompetent, reckless, and/or unlicensed driver and would create an

unreasonable risk of danger to persons and property on the public streets and highways of Texas.

Said acts and/or omissions on the part of Defendant Global X-Ray & Testing Corporation

constituted negligence which proximately caused the collision in question and the injuries and

damages suffered by the Plaintiffs herein.

## X.
## DAMAGES

13.     As a proximate cause of the Defendant Global X-Ray & Testing Corporatiom and

Defendant Brent Theriot, Jr.'s negligence the Plaintiffs has sustained the following damages:

(1)     Medical, hospital, and pharmaceutical charges and expenses in the past;

(2)     Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3)     Pain and suffering in the past;

(4)     Pain and suffering that, in reasonable probability, will be suffered in the future;

EXHIBIT A

(5)     Mental anguish suffered in the past;

(6)     Mental anguish that, in reasonable probability, will be suffered in the future;

(7)     Disability and impairment in the past; and

(8)     Disability and impairment that, in reasonable probability, will occur in the future.

14.     Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of Defendant Global X-Ray & Testing Corporation and Defendant Brent Theriot, Jr., the Plaintiffs plead for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## XI.
## NOTICE PURSUANT TO TRCP 193.7

15.     Plaintiffs hereby gives notice to all parties that Plaintiffs intend to use any and all documents that are produced by a party against that party in pretrial proceedings or at trial pursuant to TRCP 193.7.

## XII.
## PRE-EXISTING CONDITION

16.     In the alternative, Plaintiffs would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

EXHIBIT A

## XIII.
## SUBSEQUENT CONDITION

17.     In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition, then such injury and or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## XIV.
## U.S. LIFE TABLES

18.     Plaintiffs hereby notify the Defendants of their intent to use U.S. Life Tables as published by the U.S. Government in the trial of this matter.

## XV.
## REQUEST FOR DISCLOSURE

19.     Pursuant to Rule 194, Plaintiffs requests that Defendants disclose the information or material described in Rule 194.2.

## XVI.
## JURY DEMAND

20.     Plaintiffs hereby demand a trial by jury.

## XVII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Defendants be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiffs has judgment against the Defendants for actual damages in an amount the jury deems reasonable under the

EXHIBIT A

circumstances which is in excess of the minimum jurisdictional limits of the Court together with

pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief

to which the Plaintiffs may be justly entitled.

Respectfully submitted,

GOMEZ LAW FIRM
9894 Bissonnet, Suite 905
Houston, Texas 77036
Telephone:    (713) 868-5528
Facsimile:    (713) 868-4159
jlg@gomezlawfirm.com


_/s/ Jorge L. Gomez_____
JORGE L. GOMEZ
STATE BAR NO. 00793825

ATTORNEY FOR PLAINTIFFS

EXHIBIT A